UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20622-CIV-GOLD/DUBE

KARINA OSORIO,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

ORDER OVERRULING OBJECTIONS [DE 25]; AFFIRMING AND ADOPTING
DECISION OF MAGISTRATE JUDGE [DE 24]; DENYING MOTION FOR
SUMMARY JUDGMENT [DE 14]; GRANTING MOTION FOR SUMMARY
JUDGMENT [DE 23]; CANCELLING ORAL ARGUMENT SET FOR FEBRUARY 16,
2010; REFERRING MOTION TO REMAND [DE 27] TO MAGISTRATE JUDGE DUBE

THIS CAUSE is before the Court upon Magistrate Judge Dube's Report and

Recommendation **[DE 24]** ("the Report"), which recommends that the United States'

Motion for Summary Judgment in the above-styled action **[DE 23]** be granted, and that the

Plaintiff's Motion for Summary Judgment **[DE 14]** be denied.  On November 23, 2009,

Plaintiff objected to the Report, and on January 15, 2010, Defendant responded to

Plaintiff's objections.  *See* **[DE 25]**; **[DE 30]**.  Having carefully considered the relevant

submissions, the record, the applicable case law, and being otherwise fully advised, I affirm

and adopt the Magistrate Judge's Report for the reasons that follow.

I.      **Background**

Because the facts of this case are adequately detailed in the Magistrate Judge's

Report,[1] I provide only a brief synopsis of the pertinent factual and procedural history.  On

_____

[1]Plaintiff's objections to the Magistrate's Report and strictly legal in nature and take no
issue with the Magistrate's recitation of the facts of this case.

August 23, 2006, Plaintiff filed an application for supplemental security income, which was denied initially and on reconsideration by the Social Security Administration. **[DE 24, p. 1]**; **[DE 1]**. Upon denial, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). **[DE 1]**. Following a hearing on September 18, 2007, the ALJ issued a decision denying Plaintiff's request for benefits after considering Plaintiff's extensive medical records as well as evaluations completed by both Plaintiff's treating physician and consulting psychologists. *Id.* In reaching this decision, the ALJ rejected statements made by Plaintiff's treating physician that Plaintiff "had experienced repeated decompensation episodes (four or more), was unable to work or study and had marked restrictions in all Criteria B areas" on the grounds that the treating physician's statements were "inconsistent with his treatment notes and . . . not supported by the record." **[DE 11-1, p. 34]**.

Subsequent to the ALJ's decision, Plaintiff requested review with the Appeals Council. **[DE 1]**. On February 6, 2009, Plaintiff's request was denied, and on March 11, 2009, Plaintiff commenced this action requesting this Court's review and reversal of the denial of benefits, as well as an award of attorneys' fees and costs. *Id.* Pursuant to 28 U.S.C. § 636, this matter was referred to Magistrate Judge Robert Dube for rulings on all pre-trial non-dispositive matters and for a Report and Recommendation on any dispositive matters.[2] *See* **[DE 3]**.

On May 22, 2009, Plaintiff filed a Motion for Summary Judgment **[DE 14]**, and on August 11, 2009, the United States filed a cross-motion for summary judgment **[DE 23]**.

---

[2]The parties did not consent to the Magistrate's issuance of binding decisions on dispositive matters pursuant to 28 U.S.C. § 636(c). *See* **[DE 15]**.

After reviewing both motions, the Magistrate issued a Report and Recommendation recommending that the United States' Motion be granted, and that the Plaintiff's Motion be denied.   On November 23, 2009, Plaintiff filed two interrelated objections to the Magistrate's Report. *See* **[DE 25]**. The first objection asserts that the Magistrate "fail[ed] to accord adequate weight to the opinion of the Plaintiff's treating physician." **[DE 25, p. 4]**. The second objection asserts that the Magistrate erred by "placing far more weight on the report of a one-time consultative psychiatrist than on the report of a long-term treating psychiatrist." *Id.* at 5.

## II.    Standard of Review of a Magistrate Judge's Decision

Pursuant to Federal Rule of Civil Procedure 72(b), which governs dispositive motions referred to a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge on a dispositive motion "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed.R.Civ.P. 72(b)(2); *see also* S.D. Fla. Mag. R. 4(b).  If objections are timely filed, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  *Id.*  While the standard of review is *de novo*, a district judge need not re-assess every single finding and determination, for "the statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants' " without violating a party's due process rights, "so long as the ultimate decision is made by the district court." *U.S. v. Raddatz*, 557 U.S. 667, 683 (1980) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).  Upon review of the magistrate's decision,

3

the district judge may accept, reject, or modify the recommended disposition, receive further evidence, recall the witnesses, or return the matter to the magistrate judge with instructions. *Id.* Further, a district judge does not abuse his discretion in either considering or refusing to consider an "argument that was not presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009).[3]

## III.   Analysis

Although Plaintiff purports to lodge two independent objections to the Magistrate's report, the basis for both objections is essentially identical – i.e., that the ALJ and the Magistrate Judge erred by failing to accord adequate weight to the opinion of Plaintiff's treating physician, Dr. Fernando Mendez-Villamil.   Accordingly, I address Plaintiff's objections jointly.[4]

In the context of social security disability benefits determinations, "treating physicians' opinions must be given substantial and considerable weight unless 'good cause' is shown to the contrary." *East v. Barnhart*, 197 Fed.Appx. 899, 902-03 (11th Cir.

---

[3] As for the standard of review applied to the Commissioner's decision, I review the denial of benefits to determine whether the decision is supported by substantial evidence in the record and whether the correct legal standard was applied. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Substantial evidence is more than a scintilla, but less than a preponderance. It is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence [I] must affirm, even if the proof preponderates against it." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir.1996).

[4] Because Plaintiff's objections do nothing more than restate arguments previously presented, they are insufficient as a matter of law. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge [and] . . . is not an "objection" as that term is used in this context.") (citation omitted).  However, in the interests of justice, I will consider Plaintiff's objections on the merits.

2006) (citations omitted).  The "good cause" standard is satisfied "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).  "When the ALJ does not give the treating physician's opinion controlling weight, the ALJ applies other factors for determining whether a claimant is 'disabled,' such as the length of treatment, the frequency of examination, the nature and extent of the relationship, as well as the supportability of the opinion, its consistency with other evidence and the specialization of the physician." *Id.*  (citing 20 C.F.R. § 416.927(d)(2)-(6)).  If the ALJ declines to give controlling weight to a treating physician's opinion controlling weight, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

Here, the ALJ provided specific "good cause" reasons for rejecting Dr. Mendez-Villamil's opinions.  For example, the ALJ explained that she was according Dr. Mendez-Villamil's opinions "little weight as they are internally inconsistent with his treatment notes and are not supported by the record." **[DE 11-1, p. 34]**.  She then detailed the internal inconsistencies and identified specific evidence that did not support Dr. Mendez-Villamil's opinions. *Id.*  Thus, the ALJ gave specific reasons for her decision to give less weight to Dr. Mendez-Villamil's opinions and properly considered the factors in 20 C.F.R. § 416.927.

Furthermore, the ALJ's reasons for rejecting Dr. Mendez-Villamil's opinion are supported by substantial evidence because Dr. Mendez-Villamil's opinion was inconsistent

with his own treatment notes, as well as other evidence in the record, including Plaintiff's own testimony and examinations conducted by other psychologists.  For example, Dr. Mendez-Villamil indicated that Plaintiff "failed to respond to several antidepressant medications." **[DE 11-1, p.34]**.  However, Plaintiff's "testimony established [that] the medications helped her symptoms." *Id.* Moreover, while two examinations by Dr. Mendez-Villamil in October and December 2006 noted "disheveled appearance, retarded psychomotor activity . . . poor concentration, energy and motivation . . . alleged inability to function" and monotonous speech, a November 2006 examination by Dr. Rene Rocha noted that the Plaintiff presented "appropriately dressed and well groomed . . . indicated that she had been actively seeking work for some time . . . [and that] she spoke clearly and fluently." **[DE 11-1, p. 33]**.  As such, I agree with Magistate Judge Dube that the ALJ's decision to reject Dr. Menez-Villamil's opinion was justified by "good cause" and supported by substantial evidence.[5]

## IV.   Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1.      Plaintiff's Objections **[DE 30]** are OVERRULED.

2.      The Magistrate's Report **[DE 24]** is ADOPTED AND AFFIRMED.

---

[5] Although it appears that this issue was not raised before the Magistrate Judge, Plaintiff also contends the ALJ erred by engaging in "sit and squirm" jurisprudence.  "Sit and squirm jurisprudence" occurs when "an ALJ who is not a medical expert . . . subjectively arrive[s] at an index of traits which he expects the claimant to manifest at the hearing" and denies the claim "[i]f the claimant falls short of the index." *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982).  Here, the ALJ's decision was based on substantial record evidence, and not the ALJ's own observations.  Accordingly, I reject this argument.

3.      Plaintiff's Motion for Summary Judgment **[DE 14]** is DENIED.

4.      Defendant's Motion for Summary Judgment **[DE 23]** is GRANTED.

5.      Oral argument previously set for February 16, 2010 is hereby CANCELLED.

6.      Plaintiff's Motion to Remand **[DE 27]** is hereby REFERRED to Magistrate Judge

        Robert A. Dube pursuant to 28 U.S.C. § 636 to take all necessary and proper

        action as required by law.

        DONE AND ORDERED in Chambers in Miami, Florida this **3** day of January,

2010.

                                        _____
                                        THE HONORABLE ALAN S. GOLD
                                        UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Robert Dube
Counsel of record